STAMFORD SEWERAGE CO. et al. v. ASTIN.

(Court of Civil Appeals of Texas. Amarillo. Jan. 13, 1912.)

1. MUNICIPAL CORPORATIONS (§ 838*)—SEWAGE—NUISANCE.

One seeking to recover damages to his farm and place of residence and for personal inconvenience occasioned by the operation of a sewer system for a city, whereby refuse matter is discharged a mile or more from his residence, must allege and prove either negligence in the construction and operation of the system, or that it is a nuisance, public or private.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. § 1787; Dec. Dig. § 838.*]

---

*For other cases see same topic and section NUMBER in Dec. Dig. & Am. Dig. Key No. Series & Rep'r Indexes

2. APPEAL AND ERROR (§ 1175*)—DISPOSITION OF CASE ON APPEAL.

Where the case was fully developed in the trial court, and plaintiff, under the facts shown, cannot recover, the court, on appeal from a judgment in his favor, will render judgment for defendant.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4573–4587; Dec. Dig. § 1175.*]

Appeal from Haskell County Court; A. J. Smith, Judge.

Action by C. D. Astin against the Stamford Sewerage Company and another. From a judgment for plaintiff, defendants appeal. Reversed and rendered.

W. T. Andrews and A. H. Carrigan, for appellants. H. G. McConnell and Gordon B. McGuire, for appellee.

GRAHAM, C. J. This was an action filed by appellee against the Stamford Sewerage Company and another for damages to the farm and place of residence of appellee, as well as for personal inconvenience, from November 1, 1909, to January 12, 1911, alleged to have resulted from the discharge of sewer products by appellants in a branch which ran through appellee's land, and near his residence and well, causing offensive odors in and about appellee's premises, and causing impurities in the water in his well, as well as in the said branch on the premises, from which his stock, including his milch cows, drank.

[1] The allegations in appellee's pleadings show that appellants were engaged in operating a sewer system in and for the city of Stamford, and that the refuse matter from said system was conducted by means of pipes and discharged in a branch some mile or more from appellee's house, and that said branch runs thence through appellee's lands, and near his residence and well. Appellee's pleadings contain no allegation of negligence in the construction, maintenance, or operation of said plant, or in the acts complained of; nor is there an allegation that the acts complained of constituted either a public or a private nuisance.

Appellants urged a general demurrer, a special exception to the effect that appellee's pleadings were insufficient in failing to allege either negligence or a nuisance, a general denial, former adjudication, and especially the public nature of the service they were engaged in, and then alleged facts showing a want of negligence in the construction, maintenance, or operation of its plant, and also showing that it was not maintaining a nuisance, either public or private, in the operation thereof. Appellants' demurrer and exceptions were overruled. We are of the opinion that appellants' general demurrer and special exceptions should have been sustained, and because of the rulings of the trial court thereon the case must be reversed.

Sherman Gas & Electric Company v. Belden, 123 S. W. 119, 27 L. R. A. (N. S.) 237.

[2] We have examined the entire record, including the statement of facts, on file in this cause, from which it is shown that the case was fully developed on the trial below, and, as we view the record, the evidence does not tend to show any negligence on the part of appellants, either in constructing, maintaining, or operating the sewer plant; nor does it tend to show that appellants were guilty of maintaining a nuisance, either private or public, in the operation thereof, and for these reasons the cause will be reversed and here rendered for appellants, and it is so ordered.

PRESLER, J., not sitting.