THOMAS M. LEAGUE AND OTHERS v. H. JOURNEAY.

A machine shop in a city, although its operation and business may render the adjacent places less desirable and less valuable as residences for families, though not intrinsically less valuable as property, is not for that reason a nuisance.

Where the testimony is entirely conflicting as to the material facts, this court will not disturb the verdict.

APPEAL from Galveston.  Tried below before the Hon. Peter W. Gray.

This suit was brought by Thomas M. League, John H. Illies, Catherine E. McLelland, and George C. Rains, for the abatement of a nuisance.  The facts alleged by them are sufficiently stated in the opinion.

The defendant filed a general demurrer, a general denial, and an answer which need not be set forth here.  Verdict for the defendant, and judgment thereon accordingly.

*Allen & Hale*, and *F. H. Merriman*, for the appellants.

*P. C. Tucker*, and *L. A. Thompson*, for the appellee.

BELL, J.—The plaintiffs below, who are the appellants in this court, alleged in their petition that the shop and business of the defendant, Henry Journeay, constituted a nuisance to the public, and especially to the neighborhood in which the plaintiffs resided. They alleged that the danger to their residences from fire was increased, because of the fires that were kept in the defendant's shop, because of the insecurity of the machinery and arrangements of the shop, and because of the large amount of combustible material kept there. They alleged that smoke was produced in great quantities by the burning of wood and coal in the use of the machinery in the shop; and that the smoke thus produced descended to the level of their residences, damaged their walls and furniture; was disagreeable to the senses, rendered the atmosphere of the

neighborhood impure and unhealthy, and thereby impaired the health of those who were permanently exposed to it. They alleged that the driving of the machinery of the shop by steam produced a great noise, which obliged persons in the neighborhood to use a louder tone of voice in conversation than they otherwise would; that the noise was disagreeable to persons in health, and diminished their reasonable enjoyment of life; that in cases of sickness it produced nervous irritability, retarded the recovery, and endangered the life of the patient. The petition also alleged that the value of the property of the petitioners was greatly deteriorated because of the proximity of the defendant's shop, and that purchasers will not give fair market value for their property.

The evidence is to the effect that the shop and business of the defendant renders the adjacent places less desirable as residences, and less valuable as residences for families, though not intrinsically less valuable. There is some diversity of opinion expressed by the witnesses on this point, not perhaps amounting to a conflict of evidence. The charge of the court did not make it the duty of the jury to consider the effect of the shop and its business upon the pecuniary value of the property of the plaintiffs, and we think the court was right in not submitting this question to the jury. The ordinary growth of a city, the increase in the number of its business houses, will always have the effect to make lots in that part of the city where business concentrates less desirable and less valuable as residences for families, while their intrinsic value, or their value for purposes of business, may be enormously enhanced by the same causes that make them little desirable as places of residence.

Upon all the other points made in the petition of the plaintiffs there was a conflict of evidence, such as makes it impossible for us to disturb the verdict of the jury. Some witnesses thought that the danger of fire to the surrounding houses was increased because of the business of the shop; others of the witnesses thought differently. The physicians who were examined testified that the smoke from the shop was not injurious to health, and did not retard the recovery of sick persons of the neighborhood. There was no evidence that the noise occasioned by the machinery

of the shop materially diminished the comfort or the enjoyments of the plaintiffs, or of other persons in the neighborhood.

There was no complaint by either party of the charge of the court. No instructions were asked by either party. The assignment of errors raises no question as to the correctness of the charge; and we are of opinion that the case was fairly, fully, and clearly submitted to the jury by the judge below; and upon the whole record, we think the judgment of the court below must be affirmed. It is ordered accordingly.

Judgment affirmed.