SHERMAN GAS & ELECTRIC COMPANY v. MAGGIE BELDEN ET AL.

No. 1994.   Decided November 15, 1909.

**1.—Nuisance—Lawful Business—Personal Annoyance—Gas Works.**

The pursuit of a lawful business, such as the operation of a plant of a gas and electric company, may give rise to a cause of action in favor of one materially inconvenienced or annoyed in the use of his home thereby; but only in case the inconvenience is such as would constitute a nuisance, the test of which is that it would disturb and annoy persons of ordinary sensibilities, tastes and habits. (Pp. 62, 63).

**2.—Same—Damages—Impaired Value of Property.**

Depreciation in the market value of plaintiff's property by a nuisance, is

an element of damages recoverable; but this does not include a lessening of its value simply as a residence.    (P. 63).

### 3.—Same—Measure of Damages.

The damages or depreciation in the market value of plaintiff's property by nuisance maintained by defendant should be the difference between the price for which it would sell for any purpose at the date of the trial and the price which it would bring if such nuisance were discontinued.    (Pp. 63, 64).

### 4.—Same—Charge.

Instructions held erroneous in permitting recovery by plaintiff for annoyance and discomfort in the use of his home caused by maintaining a gas and electric plant on adjoining property, irrespective of whether such use by defendant amounted to a nuisance; and in permitting the recovery for depreciation in the value of plaintiff's property for use as a home without reducing its general market value.    (Pp. 62–64).

### 5.—Evidence—Diminution of Value.

On the issue as to the diminution in the value of plaintiff's property by nuisance maintained by defendant, proof of general decrease in the value of property in the same town during the period was irrelevant.    (P. 64).

### 6.—Deceased Witness—Evidence on Former Trial—Irresponsive Answer.

Where the testimony of a witness, since deceased, given on a former trial, is shown by reading questions and answers as taken down by the stenographer, an objection that an answer was not responsive to the question asked is not available where the same was not raised at the former trial.    (P. 64).

Error to the Court of Civil Appeals for the Fifth District in an appeal from Grayson County.

Belden sued the gas and electric company and recovered judgment which was affirmed on appeal by defendant, who thereupon obtained writ of error.

*M. B. Templeton, J. C. Wall, T. B. Williams,* and *Head, Dillard, Smith & Head,* for appellant.—This being an action for damage caused by a private nuisance the measure of the damage is not the difference in the value of the property "for the purpose for which plaintiffs are using the same," but the measure is the difference in the salable or market value of plaintiffs' property.   Boyer & Lucas v. St. Louis, S. F. & T. Ry. Co., 97 Texas, 107; League v. Journeay, 25 Texas, 172; Texas Short Line Ry. Co. v. Clifford, 94 S. W., 168; Eastern T. Ry. Co. v. Simcock, 97 Texas, 305.

The law in such cases is, that to constitute a nuisance the injury must be material.   The mere fact that it is unpleasant, annoying or unsightly is not sufficient.   21 A. & E. Ency. of Law, 686, 690 and 696; and numerous cases, including Texas, there cited.

The court should instruct the jury, especially when his attention is called thereto by special charges, that the injury, if any, caused by other machine shops, railroads, etc., should be taken into consideration in arriving at the additional injury, if any, caused by the construction and operation of the defendant's plant.   21 A. & E. Ency. Law, 692-ib. 694, and cases there cited; Neville v. Mitchell, 28 Texas Civ. App., 89; Southern Salt Co. v. Robertson, 97 S. W., 107; Wade v. Galveston, H. & S. A. Ry., 110 S. W., 84.

It is not a valid objection to the admission of the evidence given

at a former trial by a witness since deceased, that his answer now objected to was not responsive to nor called for by the question propounded to him at such former trial. Thurmond v. Trammell, 28 Texas, 372.

*Wolfe, Hare & Maxey,* for appellees.—It is the right of the owner to have his damages measured by the extent of the injury to the land used for any lawful purpose to which he had appropriated it, desired to appropriate it, or to which it is adapted. It does not rest with the wrong doer to say to the owner, "use your land for a purpose for which you do not desire to use it, and it will be as valuable to you for that use as it was before for another." Ft. Worth & N. O. Ry. Co. v. Wallace, 74 Texas, 584; City of Dallas v. Kahn, 9 Texas Civ. App., 19; Rainey v. Red River, T. & S. Ry. Co., 99 Texas, 276; Daniel v. Ft. Worth & R. G. Ry. Co., 96 Texas, 327; Missouri, K. & T. Ry. Co. v. Anderson, 36 Texas Civ. App., 121; Missouri, K. & T. Ry. Co. v. Mott, 98 Texas, 91; Denison & P. S. Ry. Co. v. O'Maley, 18 Texas Civ. App., 200.

Plaintiffs were entitled to recover damages for their personal annoyance and discomfort. Daniel v. Ft. Worth & R. G. Ry. Co., 96 Texas, 327.

Mr. Justice Brown delivered the opinion of the court.

The defendants in error instituted this suit in the District Court of Grayson County to recover of the plaintiff in error damages alleged to have been caused by the erection of its plant in close proximity to the home and residence house of the defendants in error. It was alleged and proved that Mrs Belden and others owned a lot in the city of Sherman upon which Mrs. Belden and her husband and family were residing when the gas and electric company constructed its plant on an adjoining lot within about fifteen feet of residence of the plaintiff Belden. The allegations of the petition are sufficient to admit the evidence which tended to prove the following facts: Before the erection of the plant of the gas and electric company the property of the Beldens was worth, for use as a home, the sum of $3000; that the said plant, after being put into operation, was run continuously day and night, and, by the action of the machinery, the walls of plaintiffs' house were caused to shake and vibrate and the windows to rattle; that soot and smoke were thrown into the house and upon the premises in large quantities, causing the occupants of the house much annoyance, the details of which are not necessary to a decision of the questions presented. The testimony introduced by plaintiffs tended to prove that, for the purposes of a home, the property was, before the erection of the plant, of the value of about $3000, and by reason of the inconvenience, noise and discomfort caused by the operation of the plant the value of said property for home purposes had been reduced as much as twelve hundred and fifty or fifteen hundred dollars. There were a number of witnesses on each side and the testimony was quite conflicting on each controverted issue.

The jury returned a verdict for the plaintiff for $700, from which

appeal was taken to the Court of Civil Appeals and there affirmed. The trial judge charged the jury as follows:

"If you believe from the evidence that the property described in plaintiff's petition has been damaged and its value diminished for the purpose for which plaintiffs are· using the same by reason of the construction, operation and maintenance of defendant's said electric light plant in the manner in which you may find from the evidence the same is constructed, operated and maintained, you will find for plaintiffs and assess their damages as hereinafter instructed."

"If you find for plaintiffs, you will assess their damages at a sum equal to the difference, if any, between the market value of their property for the purpose and use to which plaintiffs had appropriated it just before the building and operation by defendant of its said electric light plant, and its market value for said purpose just after the building and operation of said plant."

The foregoing charges were assigned in this court as error and under them are presented these propositions:

"This being an action for damage caused by a private· nuisance the measure of the damage is not the difference in the value of the property, 'for the purpose for which plaintiffs are using the same,' but the measure is the difference in the salable or market value of plaintiffs' property."

"The court erred in the paragraph of the charge referred to in the assignment in instructing the jury to find for whatever damage was caused by 'the construction, operation and maintenance of defendant's electric light plant in the manner in which you (the jury) may find from the evidence the same is constructed, operated and maintained.' The court should have defined what kind of construction, operation and maintenance would give a cause of action, and confined the jury to the allowance of damages caused by that kind of construction, operation and maintenance, and not have allowed them, as it did, to give damage for whatever they might find was done by the defendant, with no way for the court to know what they found, or for what they allowed damage."

The business of the gas and electric company was lawful and it had the right to conduct it on its own property in such manner as to not seriously or materially interfere with others in the comfortable and peaceful enjoyment of their property. If, by the operation of the machinery, plaintiffs were materially inconvenienced or annoyed in the use of their home, the gas and electric company is liable to respond in damages, and if the market value of their home was impaired thereby, then the plaintiff in error would be liable in damages for such loss occasioned by the operation of its plant. League v. Journeay, 25 Texas, 174; Burditt v. Swenson, 17 Texas, 489; Daniel v. Ft. Worth & R. G. Co., 96 Texas, 327; Boyer & Lucas v. St. Louis S. F. & T. Ry. Co., 97 Texas, 107.

To justify a recovery of damages for personal inconvenience or reduction in the value of their property, the plaintiffs must prove such annoyance, discomfort or other interruption of the use of their home as would constitute a nuisance. The standard by which the issue of nuisance must be determined by the jury is that the condi-

tions caused by the operation of the plant were such as would · disturb and annoy persons of ordinary sensibilities, and of ordinary tastes and habits.   In other words, the acts complained of must constitute a nuisance.   Waters-Pierce Oil Co. v. Cook, 6 Texas Civ. App., 573; League v. Journeay, 25 Texas, 172; Dittman v. Repp, 50 Md., 513, 33 Am. Rep., 325; 21 Am. & Eng. Ency., 687.

If there be no nuisance, there can be no recovery of damages for such annoyance as may exist, nor for diminution in the value of the property.   It is not infrequent that the lawful use of one's property is disagreeable to neighbors, but that is one of the results of residing in cities and towns and must be borne.   "The ordinary growth of a city, the increase in the number of its business houses, will always have the effect to make lots in that part of the city where business concentrates less desirable and less valuable as residences for families, while their intrinsic value, or their value for purposes of business, may be enormously enhanced by the same causes that make them little desirable as places of residence." (League v. Journeay, 25 Texas, 174.)

In his charge to the jury the trial judge excluded the issue of nuisance, the foundation of the suit, from the consideration of the jury, which is reversible error.   If the jury should find the existence of a nuisance and that the property of plaintiffs is thereby reduced in its market value, defendant would be liable for such loss of value as well as discomfort to the family.   The trial court submitted this issue of reduced value to the jury but gave an incorrect standard for their guidance in ascertaining the amount.   The value should be ascertained at the date of trial and it should be the market value of the property for any use to which it might be appropriated.   The trial judge instructed the jury to ascertain the value of the property for the purpose to which plaintiffs had dedicated it, just before, and such value, just after, the construction and operation of the plant. The charge was error upon a vital issue in the case.   If plaintiffs' property will sell for as much for any use with the plant in operation as it would if the operation should cease, then no recovery can be had for the reduction of its value for use as a home.   The purpose of the law in giving damages is to repair a loss and if the property will sell for as much as it would before the business was inaugurated, there is no loss in value to be repaired.   This would not exclude proof of the fact, if it so be that the lots were especially valuable for purposes of a home, but such evidence would not vary the rule of law that the difference in the market value for any use must be the measure of recovery.

It appears from the evidence that near to plaintiffs' home was an ice plant, a wood yard and a railroad switching yard which may have contributed to cause the nuisance complained of.   The gas and electric company is responsible only for the injury caused by the operation of · its plant.   The court should have defined a nuisance and have submitted that issue, with instruction that if they should find the nuisance to exist, then to find for plaintiffs compensation for the discomfort and inconvenience suffered by them; also to find the market value of plaintiffs' property at the date of the trial, and

what would be the market value of the property at that time if the operation of the plant should permanently cease and to deduct the present market value from the value it would have if the nuisance should be discontinued, the remainder woa'd correctly represent the diminution in value caused by the nuisance for which defendant would be liable.

At a former trial Mrs. Doraty, witness for defendant, testified, and died before the second trial. No objection was at that time made to her answers to questions, as recorded by the stenographer, for the reason that the answer was not responsive to the question. At the second trial defendant offered to read the testimony of the witness given at the former trial, when plaintiff objected to a portion of it, because not responsive to the question, which objection was sustained by the court. The court erred in that ruling. Having permitted the evidence to go to the jury without objection when the witness was on the stand, the plaintiff should not be allowed the objection after the witness had died. If made at the first trial the question could have been framed to meet the objection.

The general decrease of value of property in Sherman, if true, was irrelevant, and evidence to that effect was properly rejected.

For the errors indicated the judgments of the District Court and the Court of Civil Appeals are reversed and the cause remanded.

*Reversed and remanded.*