MONTFORT et al. v. DAVISS, District Judge.
(No. 7606.)

(Court of Civil Appeals of Texas. Dallas. Jan. 10, 1920. Rehearing Denied Feb. 28, 1920.)

1. JUDGES �köÜ49(2)—JUDGE NOT DISQUALIFIED BY EXPRESSION OF OPINION.

A judge is not disqualified from proceeding with the trial of an action because he has already expressed an opinion therein.

2. MANDAMUS ⊛31 — WHERE JUDGE WAS MISTAKENLY DISQUALIFIED AND GOVERNOR APPOINTED ANOTHER, MANDAMUS WILL ISSUE TO COMPEL FIRST JUDGE TO PROCEED.

Where trial judge deemed himself disqualified and certified the facts to the Governor, who appointed another judge, such appointment, where the facts were insufficient to disqualify, is not effective, and the trial judge may by mandamus be compelled to proceed.

3. MANDAMUS ⊛5—TO COMPEL TRIAL JUDGE WHO DEEMED HIMSELF DISQUALIFIED TO PROCEED WILL NOT BE DENIED BECAUSE OF ATTEMPTED APPEAL FROM ORDER OF DISQUALIFICATION.

Where relators gave notice of appeal from an order of the trial judge disqualifying himself and executed a supersedeas bond, etc., such proceeding will not preclude mandamus to compel the trial judge, who was not disqualified, to proceed, for his order was purely interlocutory and did not dispose of the case.

4. MANDAMUS ⊛5—JUDGE WHO ERRONEOUSLY DEEMED HIMSELF DISQUALIFIED MAY BE COMPELLED TO ACT THOUGH APPLICATION FOR INJUNCTION WAS ACTED UPON BY OTHER JUDGE.

Where a judge erroneously deemed himself disqualified and refused to act, whereupon an application for injunction was made to another judge and acted upon, held that, in view of Vernon's Sayles' Ann. Civ. St. 1914, art. 4643, providing that district judges may grant writs of injunction returnable to courts other than

---

⊛═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

their own, the injunction proceeding will not prevent mandamus compelling the original trial judge to proceed with the cause.

Proceeding by W. F. Montfort and others, relators, for writ of mandamus to compel H. B. Daviss, District Judge, to proceed to trial and judgment in a cause pending. Application granted.

Richard Mays and Augustus P. Mays, both of Corsicana, for relators.

Dexter Hamilton and Callicutt & Johnson, all of Corsicana, for respondent.

PER CURIAM. The purpose of this proceeding is to compel Hon. H. B. Daviss, judge of the Thirteenth judicial district of Texas, to proceed to trial and judgment agreeably to the principles and usages of law in a cause now pending in said district court, and for which purposes this court is requested to issue the writ of mandamus authorized in such cases by article 1595, Vernon's Sayles' Texas Civil Statutes.

October 6, 1919, in cause No. 10679, W. F. Montfort et al. v. Commissioners' Court et al., pending in the Thirteenth judicial district, respondent, by order entered upon the petition in said proceeding in substance, temporarily restrained the defendants therein from contracting for the construction of a pike road from Corsicana, in Navarro county, to the line of Ellis county, and provided for a full hearing at a subsequent date, which was later extended to October 8th, at which time the respondent, on call of the case, held himself disqualified and declined on that ground to make any further orders in the case. The order of the court adjudging himself disqualified to hear the case is, in substance, that respondent had formed, expressed, and then held a clearly defined opinion concerning the issues involved in the suit, which was formed, held, and expressed prior to the pending controversy and as result of another suit tried before him and affirmed by this court, and concerning which, and at a time when the location of the pike road was a subject of general discussion, he permitted himself to be drawn into such a discussion and expressed his opinion in that regard.

The issues which we immediately discuss informally cover the matters urged by counsel for respondent as reasons why mandamus should be denied.

[1] 1. Opinions formed, held, and expressed prior to and at the time of submission of a case concerning the issues involved therein, are held not to disqualify a judicial officer, in the absence of a statute so declaring. Hobbs v. Campbell, 79 Tex. 360, 15 S. W. 282; Waters-Pierce Oil Co. v. Cook, 6 Tex. Civ. App. 573, 26 S. W. 96; 23 Cyc. 586. Neither the Constitution nor the statutes make the expression or holding of an opinion a ground for disqualifying judicial officers. While judges and authors have often said, in substance, that courts should scrupulously maintain the right of litigants to a fair and impartial tribunal, and that, within the disqualifying provisions, courts can hardly go too far, yet there is singular uniformity in the holdings that opinion and the expression thereof do not disqualify. In Waters-Pierce Oil Co.'s Case, supra, it was said:

"If * * * the judge be strongly persuaded as to what his decision will be, he is not thereby made unfit, in either a legal or moral sense, to try the cause."

Obviously, it would be embarrassing and distasteful to the upright and conscientious judge to preside in a case in which he had formed an opinion, and that it so occurred to the respondent we have no doubt. At the same time, to disqualify a judge because of opinion would so impede trials, displace judges for so many reasons, and inject therein so many collateral matters as to render doubtful any resulting good from such a rule.

[2] 2. Assuming that the reasons recited in his order legally disqualified him, Judge Daviss, the respondent, certified that fact to the Governor, who appointed another in his place to try the case. The Governor's appointment, in our opinion, is of no controlling importance. If Judge Daviss was not disqualified there was no authority in the Governor to appoint.

[3] 3. From the order of the court disqualifying himself relators gave notice of appeal, executed supersedeas bond, and will, it appears, file transcript as in ordinary appeals. Such steps, respondent urges, are reason for denying mandamus. Judge Daviss' order disqualifying himself was purely interlocutory, since it did not decide the cause, only adjudicated an intervening matter, from which no appeal is permitted by law as in case of injunctions. The right of appeal is not inherent, and may be conferred or denied by the legislative authority. We do not mean to say that in cases where the judge refused to disqualify his action in that respect could not be reviewed on appeal in the same manner that any other issue might be.

[4] 4. Pending Judge Daviss' order the application for temporary injunction was presented to Hon. F. L. Hawkins, judge of the Fortieth judicial district. Since submission to us of the application for injunction it has been shown that Judge Hawkins has acted upon the application. That fact is urged as ground for refusing the mandamus. His action is not, in our opinion, determinative of the question. By article 4643, Vernon's Sayles' Texas Civil Statutes, district judges may grant writs of injunction returnable to courts other than their own whenever, among other grounds, the "resident judge shall have refused to hear or act upon such application for the writ of injunction." That provision,

in our opinion, authorized Judge Hawkins to assume jurisdiction of the application for the writ. The case does not, of course, remain permanently in Judge Hawkins' court, but goes back for final disposition to the court of Judge Daviss.

5. An examination of the facts convinces us that R. E. Montfort, who is related to Judge Daviss within the prohibited degree of consanguinity, is not a party to the injunction proceeding, and that hence Judge Daviss is not for that reason disqualified to hear the cause.

The application will be granted.