For the error discussed, the judgment of affirmance is set aside, the motion for rehearing granted, the judgment is now reversed, and the cause remanded.

---

SENTER et al. v. ISHAM et al.   (No. 2935.)

(Court of Civil Appeals of Texas. Texarkana. June 4, 1924. Rehearing Denied June 19, 1924.)

**1. Appeal and error ⊚⟶203(3)—Incompetency of witnesses is waived where not challenged in trial court.**

Where competency of witnesses under Vernon's Sayles' Ann. Civ. St. 1914, art. 3690, was not in any way challenged in trial court, it could not be raised on appeal.

**2. Judges ⊚⟶49(1)—Entertaining opinion as to grantor's mental capacity held not to disqualify trial judge from hearing case.**

In a suit to cancel a deed because of grantor's mental incapacity, that trial judge entertained an opinion as to grantor's mental condition did not disqualify him from hearing the case.

Appeal from District Court, Rains County; Geo. B. Hall, Judge.

Suit by L. O. Isham and others against B. F. Senter and others. Judgment for plaintiffs, and defendants appeal. Affirmed.

This was a suit by appellees, children and heirs of W. O. Isham, deceased, against B. F. Senter and Bill Senter to cancel a deed executed by said W. O. Isham June 22, 1920, conveying certain land in Rains county to said B. F. Senter. Appellees alleged as a reason why the deed should be canceled that the mind of said W. O. Isham was so impaired at the time he executed it "that (quoting) he did not understand the nature and quality of the act." Appellants denied this, and in their answer alleged that said W. O. Isham, being paralyzed and helpless and having "been abandoned and forsaken by his children," had "to make some provision for his maintenance"; that he made the deed to B. F. Senter for that purpose; "that under and by virtue of said deed" the said W. O. Isham then moved to and afterward until his death on August 20, 1922, lived in said B. F. Senter's home, where he was "constantly cared for" by said B. F. Senter and members of his family.

The trial was to the court without a jury. It appeared from recitals in the deed in question, and the court found, that the con-

sideration to W. O. Isham for executing it was $10, "and," quoting, "the further consideration that the said B. F. Senter will take care of me, feed, clothe and maintain me during my natural lifetime, that the said B. F. Senter is to take me into his home and care for me as one of the family." The court found further: (1) That at the time W. O. Isham executed the deed he "did not (quoting) have sufficient mind to understand the nature and effect of the contract entered into in the deed." (2) That said W. O. Isham lived with appellant B. F. Senter "and was properly cared for and looked after" by him "up to the time of the death of the said Isham, which occurred August 20, 1922." Having concluded, on the facts found by him as stated, that the deed was "without legal effect and was subject to be set aside,". the court rendered judgment canceling it.

W. W. Berzett and H. D. Garrett, both of Emory, and Neyland & Neyland, of Greenville, for appellants.

Clark & Sweeton, of Greenville, and Rodes & Carter, of Emory, for appellees.

WILLSON, C. J. (after stating the facts as above). [1] The theory on which it is urged that the finding that W. O. Isham, at the time he executed the deed to B. F. Senter, "did not have sufficient mind to understand the nature and effect of the contract entered into in the deed," was not supported by testimony the court had a right to consider, seems to be predicated on the view that the appellees who testified on the trial of the case were not competent witnesses because of article 3690, Vernon's Statutes, which provides that—

"In actions by or against executors, administrators or guardians, in which judgment may be rendered for or against them as such, neither party shall be allowed to testify against the others as to any transaction with, or statement by, the testator, intestate or ward, unless called to testify thereto by the opposite party; and the provisions of this article shall extend to and include all actions by or against the heirs or legal representatives of a decedent arising out of any transaction with such decedent."

It will not be determined whether, had appellants by an objection in the court below challenged the competency of appellees as witnesses to prove matters they testified about. the objection should have been sustained or not, for it appears from the record that the competency of the witnesses was not in any way challenged in that court. As it was not, appellants are not entitled to complain here as they do, for they are in the attitude of having waived the incompetency, if any, of the witnesses. Farias v. Salas (Tex. Civ. App.) 244 S. W. 1115; Patrick, v. Badger (Tex. Civ. App.) 41 S. W. 538; Reynolds v. Reynolds (Tex. Civ. App.) 224 S. W. 382.

As is usual in such cases, the testimony, both expert and nonexpert, was conflicting. No good purpose would be served by reciting it here. Parts of it the court had a right to believe supported the conclusion he reached, and other parts would have supported a contrary conclusion.

[2] The question which, as we understand them, appellants most confidently rely upon for a reversal of the judgment, is the one arising on facts stated in a bill of exceptions as follows:

"After both parties announced ready for trial and a jury had been waived and the issues of fact had been developed before the court, and. after several witnesses had testified, the court announced that he did not know but what he was disqualified to try the case for the reason that he had known W. O. Isham, the grantor in the deed that was sought to be canceled, several years ago, and thought that the said W. O. Isham was crazy, for the reason that the said W. O. Isham had sold some land in Hunt. county for $25 per acre, when in the judgment of the court the land was worth $50 per acre, and the court further said that he was of the opinion that the said W. O. Isham was crazy for other reasons, and further the court said that he did not know whether he could fully disregard his opinion on that question and try the case, and that he was human just like other people. Thereupon the plaintiffs asked permission of the court to withdraw their announcement of ready for trial, and that if the court would not permit them to withdraw their announcement of ready for trial, that he permit them to withdraw their waiver of a jury, and that a jury be impaneled, and that the case be tried before a jury; and the court having overruled the defendants' motion proceeded to try the case without the intervention of a jury and thereupon the defendants excepted because the court was disqualified to try the cause and he should not have proceeded with the trial."

In approving the bill of exceptions the court qualified it as follows:

"The court decided the issue involved on the trial of this cause from the evidence introduced and was not influenced by any fact within his knowledge. The court stated this in substance when he rendered judgment."

In Montfort v. Daviss, 218 S. W. 806, the judge declared himself disqualified and refused to try a case because he had "formed, expressed, and then held a clearly defined opinion concerning the issues involved in the suit, which was formed, held, and expressed prior to the pending controversy."

In granting a writ of mandamus directing the judge to try the case, the Court of Civil Appeals said:

"Opinions formed, held, and expressed prior to and at the time of submission of a case concerning the issues involved therein are held not to disqualify a judicial officer,, in the absence of a statute so declaring. Hobbs v Campbell, 79 Tex. 360, 15 S. W. 282; Waters-Pierce Oil Co. v. Cook, 6 Tex. Civ. App. 573, 26 S. W. 96; 23 Cyc. 586. Neither the Constitution nor the

statutes make the expression or holding of an opinion a ground for disqualifying judicial officers. While judges and authors have often said, in substance, that courts should scrupulously maintain the right of litigants to a fair and impartial tribunal, and that, within the disqualifying provisions, courts can hardly go too far, yet there is singular uniformity in the holdings that opinion and the expression thereof do not disqualify. In Waters-Pierce Oil Co.'s Case, supra, it was said:

"'If * * * the judge be strongly persuaded as to what his decision will be, he is not thereby made unfit, in either a legal or moral sense, to try the cause.'

"Obviously, it would be embarrassing and distasteful to the upright and conscientious judge to preside in a case in which he had formed an opinion, and that it so occurred to the respondent we have no doubt. At the same time, to disqualify a judge because of opinion would so impede trials, displace judges for so many reasons, and inject therein so many collateral matters as to render doubtful any resulting good from such a rule."

Plainly, if respect is paid to the holding in the cited case, it cannot be held in the instant case that the judge was disqualified to hear it because of the opinion he entertained as to W. O. Isham's mental condition. As he was not disqualified, he did not have a right to refuse to hear the case, and we cannot say from the record before us that appellants' rights were prejudiced by the refusal of the court to permit them to withdraw their announcement and try the case before a jury, nor that appellees' rights would not have been prejudiced had the court granted appellants' request.

The judgment is affirmed.