## HOUSTON GAS & FUEL CO. v. HARLOW.
### (No. 8982.)

Court of Civil Appeals of Texas. Galveston. April 27, 1927.

Rehearing Denied May 26, 1927.

1. **Nuisance** ⬥4—**Gas holder held not mere temporary nuisance, because of contract for use of odorless natural gas.**

Where gas company was obligated by contract with city to maintain plant for manufacture of artificial gas for distribution in event of diminution or exhaustion of natural gas, it cannot be held as matter of law that gas holder would cease to be permanent nuisance when company began use of odorless natural gas contracted for.

2. **Nuisance** ⬥4—**Infrequent use of artificial gas did not defeat right to recover depreciation of property by proximity of gas holder.**

That use of artificial gas would probably be very infrequent after odorless natural gas was obtained could be considered by jury in fixing amount of diminution in market value of adjacent property, caused by maintenance of

gas holder, but did not defeat owner's right to recover depreciation in value of property.

3. **Nuisance** ⬥4—**Unsightly structure is not nuisance, authorizing abatement or damages.**

Unsightliness in building or structure cannot make it a nuisance, for which an adjacent property owner may maintain a suit for abatement or damages.

4. **Nuisance** ⬥4—**Annoyance by unsightliness of building, constituting permanent nuisance, cannot be considered in determining depreciation of adjacent property.**

Owners of property adjacent to building creating permanent nuisance, though lawful and conducted with proper care, are entitled to compensation for loss sustained by depreciation in market value of their property; but no element of damage not a nuisance in itself, such as annoyance caused by mere unsightliness of building, may be considered in determining amount of loss.

Appeal from District Court, Harris County; Chas. E. Ashe, Judge.

Suit by B. E. Harlow against the Houston Gas & Fuel Company. Judgment for plaintiff, and defendant appeals. Reformed and affirmed.

Baker, Botts, Parker & Garwood, of Houston, for appellant.

A. D. Dyess and Bryan, Colgin, Suhr & Bering, all of Houston, for appellee.

PLEASANTS, C. J. This suit, as originally brought, was by appellee and several other plaintiffs to restrain the appellant from constructing and maintaining a large gas holder or container upon property near the residence of the plaintiffs. Upon a preliminary hearing an injunction was denied by the court, and by amended petition, in which the other plaintiffs declined to join, the suit became one by appellee to recover damages for injury to his residence property, alleged to have been caused by the construction and maintenance by appellant of the gas holder.

The petition upon which the cause was tried alleged that the gas holder or tank was constructed of steel and iron, of a diameter of about 100 feet and a height of 110 feet, and that it was unsightly and emitted obnoxious and deleterious gases and odors, that made the property undesirable for residential purposes, which it was claimed was the only purpose for which the property had any substantial market value. Plaintiff alleged that the value of his property and improvements, before the erection of the gas holder, was $12,000, but that the market value had been depreciated 50 per cent., resulting in damages to plaintiff in the sum of $6,000 or more. There were other matters complained of in the petition, such as noises caused by the construction work, but the plaintiff's evidence was not sufficient to

raise these issues, and they were not passed on by the jury.

Defendant's answer alleged that it was a public utility corporation, with charter power to operate the gas business, and that in its service of the public it had found it necessary to establish gas holders at different points in the city, in which to store reserve gas supplies to meet the demands for immediate delivery of gas at times of unexpectedly heavy consumption; that the city of Houston had not only approved, but required, the erection of the holder in question, and that the site adjoining plaintiff's property was the only available location for the purpose; that the defendant had acquired in fee simple the land on which the holder was erected, and that the holder was constructed with all modern devices and equipment insuring against the escape of gases or odors, and that its operation would be conducted in a manner which would prevent same, and would not disturb and annoy persons of ordinary sensibilities. It further pleaded by its trial amendment that a contract for furnishing natural gas had been executed by defendant, and that preparations for installing same were under way, and that same would be installed within the year 1926, after which no further artificial gas would thereafter be used in said holder, but only natural gas, which had no odor that would have any effect on the market value of the property.

The trial with a jury resulted in a verdict and judgment in favor of appellee for the sum of $2,000.

Appellant's complaint against the judgment is presented by two propositions, which are as follows:

"The undisputed evidence in this case established that the operation of the gas holder with artificial gas, as complained of by plaintiff, was only temporary, and would be superseded when the natural gas, as contracted for, was installed; consequently the only damages plaintiff could recover, even if the operation of the holder constituted a nuisance, would be the difference in rental value of his premises, and not the difference in the market value of same. Plaintiff, having only pleaded and proven, as his measure of damages, the difference in market value of the property, should not, therefore, have recovered any sum, and the peremptory instruction requested by the defendant should have been granted."

"The jury found that 50 per cent. of the damages suffered by plaintiff on account of the depreciation of the market value of his property was due solely to the unsightliness of the structure. This is not a recoverable element of damages, and the court erred in entering judgment in favor of plaintiff for the full amount of $2,000, instead of deducting 50 per cent. therefrom on account of this finding of the jury."

[1] The question of the sufficiency of the evidence to sustain the finding that the gas holder, as maintained and operated by ap-pellant, from its construction up to the time of the trial, was a nuisance, and lessened the market value of appellee's property, is not raised by any assignment or proposition; appellant's only contention being that the undisputed evidence shows that it had definitely arranged to substitute natural gas for the artificial gas then used by it, and that when this was done the maintenance of the holder would cease to be a nuisance, and, the nuisance complained of being only temporary, appellee was not entitled to recover for depreciation in the market value of his property.

The evidence does not conclusively show that the use of artificial gas in the gas holder would entirely cease after the appellant secured the natural gas for which it had contracted. On the contrary, under its contract with the city of Houston, the appellant was obligated to maintain its plant for the manufacture of artificial gas, to be used in its holder for distribution through its mains, in event of any temporary or permanent diminution or exhaustion of the supply of natural gas. Upon this state of the evidence, it cannot be held as a matter of law that the gas holder would cease to be a permanent nuisance when appellant began the use of odorless natural gas.

[2] We think the facts in this case distinguish it from the case of Umscheid v. City of San Antonio (Tex. Civ. App.) 69 S. W. 496, cited and relied on by appellant. That was a suit to recover damages for injury to plaintiff's property caused by the city of San Antonio emptying its sewage into a stream upon which plaintiff's property abutted. Upon the trial the evidence showed that the city had arranged to change the disposition of its sewage, and that the stream adjacent to plaintiff's property would thereafter not be polluted thereby. It is clear that, when this change took place, the nuisance complained of would no longer exist, and that the plaintiff in that case was not entitled to recover damages for a permanent nuisance. In the instant case, it cannot be held that the nuisance would cease to exist when odorless natural gas was put into the holder. The appellant was required to hold itself in readiness to supplement or substitute artificial for natural gas whenever occasion might arise, and this potential recurrence of the injury caused by the use of artificial gas rendered the maintenance of the holder on property adjacent to appellee's residence a permanent nuisance. The fact that the use of artificial gas would not be continuous, and would probably be very infrequent, after natural gas was obtained, could properly be, and doubtless was, considered by the jury in fixing the amount of diminution in the market value of appellee's property caused by the maintenance by appellant of the gas holder; but this fact did not defeat appellee's right to recover the de-

preciation on the value of the property caused by the proximity of the gas holder.

[3] The trial court submitted this case to the jury upon special issues. In response to questions propounded by the court, the jury answered that the fair market value of plaintiff's property with the gas holder present and in operation was $6,000, and its fair market value if the gas holder was not there would be $8,000. They further found, in response to an issue submitted by the court, that 50 per cent. of this diminution in the value of the property was caused by the unsightliness of the gas holder. It seems to be settled that unsightliness in a building or structure cannot make it a nuisance for which an adjacent property owner may maintain a suit for abatement or for damages. Our Supreme Court, in the case of Sherman Gas & Electric Co. v. Belden, 103 Tex. 59, 123 S. W. 119, 27 L. R. A. (N. S.) 237, said:

"The business of the Gas & Electric Company was lawful, and it had the right to conduct it on its own property in such manner as to not seriously or materially interfere with others in the comfortable and peaceful enjoyment of their property. * * * To justify a recovery of damages for personal inconvenience or reduction in the value of their property, the plaintiffs must prove such annoyance, discomfort, or other interruption of the use of their home as would constitute a nuisance. The standard by which the issue of nuisance must be determined by the jury is that the conditions caused by the operation of the plant were such as would disturb and annoy persons of ordinary sensibilities, and of ordinary tastes and habits. In other words, the acts complained of must constitute a nuisance. W. P. O. Co. v. Cook, 6 Tex. Civ. App. 573, 26 S. W. 96; League v. Journeay, 25 Tex. 172; Dittman v. Repp, 50 Md. [516] 513, 33 Am. Rep. 325; 21 Am. & Eng. Ency. 687. If there be no nuisance, there can be no recovery of damages for such annoyance as may exist, nor for diminution in the value of the property. It is not infrequent that the lawful use of one's property is disagreeable to neighbors; but that is one of the results of residing in cities and towns, and must be borne."

[4] The appellant in this case had the lawful right to construct a building upon its property suitable for the conduct of the lawful business in which it was engaged. If the character of that business, though lawful and conducted with proper care, was of such nature as to create a permanent nuisance, which depreciated the market value of adjacent property, the owners of such property would be entitled to be compensated for the loss thus sustained by them; but in determining the amount of this loss no element of

damage, not a nuisance in itself, should be considered. It seems wholly illogical to hold that, while the unsightliness of the building, which only affronts the artistic taste of adjacent property owners, would not entitle appellee to recover damages for any annoyance thereby caused him, such annoyance may be considered as an element of damage in determining the depreciation in the market value of appellee's property caused by the maintenance of the structure, which, because of its inherent nature, is a permanent nuisance, and we are unwilling to so hold. We think the cases of City of San Antonio v. Mackey, 22 Tex. Civ. App. 145, 54 S. W. 33, McGill v. Pintsch Compressing Co., 140 Iowa, 429, 118 N. W. 786, 20 L. R. A. (N. S.) 466, and Whitmore v. Brown, 102 Me. 47, 65 A. 516, 9 L. R. A. (N. S.) 868, 120 Am. St. Rep. 454, support our conclusion that appellant's second proposition, before set out, should be sustained.

It affirmatively appearing from the record that $1,000 of the amount found by the jury and adjudged by the court to appellee was not recoverable as lawful damages sustained by appellee, the judgment will be reformed, by deducting that amount therefrom, and as so reformed, it is ordered affirmed.

Reformed and affirmed.

### On Motion for Rehearing.

We do not think our original opinion in this case can be reasonably interpreted as a holding by this court that the structure complained of by appellee should be held, upon the evidence in this case, to be a permanent nuisance as a matter of law, and we did not so hold. Our decision of the case was based upon the conclusion, expressed in the opinion, that the character and use of the structure as maintained and operated at the time of the trial justified the finding that it was a permanent nuisance; the evidence offered by appellant tending to show that conditions would so change in the near future as to enable it to maintain and operate the gas holder without causing such injury to appellee and his property as to make such operation a nuisance not being conclusive. If there are any expressions in the opinion in seeming conflict with the above statement of our conclusion, they should not be so interpreted.

We have fully considered the motions for rehearing filed by appellant and appellee, respectively, and find no sufficient reason for changing our original decision of the question presented by the appeal, and both motions have been refused.