

# IN THE
# TENTH COURT OF APPEALS

_____

## No. 10-19-00278-CV

_____

**CITY OF ROBINSON,**
**A MUNICIPAL CORPORATION,**

**Appellant**

**v.**

**ALTON JAY LEUSCHNER AND**
**NINA JUNE LEUSCHNER,**

**Appellees**

_____

**From the 170th District Court**
**McLennan County, Texas**
**Trial Court No. 2018-1063-4**

_____

## DISSENTING OPINION

_____

The residents of Robinson benefit from a municipal sewage system. Alton and Nina Leuschner contend they are being forced to endure a noxious odor caused by that system on their property and within their home to the extent that it has permanently damaged the value thereof for which they are entitled to recover. The question is whether the City of Robinson is going to be required to pay for the damages the City's operation of its sewer system has taken from Alton and Nina. The Texas Constitution says that the City is not immune from suit for causing damage to Alton and Nina for a government service that benefits the City's residents.

But this proceeding is not yet about the merits of the claims. It is about whether Alton and Nina are even going to have an opportunity to prove their claim in a Texas courtroom.

The trial court determined they were entitled to pursue that claim. Established precedent from this Court also holds that Alton and Nina should have their day in court and not be dismissed based on governmental immunity. In 1993 this Court stated:

> Because fact questions exist about what caused the backup, whether the City intentionally or negligently failed to correct the cause of the backup, whether the condition rose to the level of a nuisance, whether the City intended to take acts which resulted in the taking, damaging, or destruction of any interest in the property, the City has failed to meet its summary-judgment burden and was not entitled to summary judgment on this cause of action.

*Bible Baptist Church v. Cleburne*, 848 S.W.2d 826, 830 (Tex. App.—Waco 1993, writ denied).

So well-established has this line of authority been that in 2004, this Court applied it to another proceeding in a memorandum opinion in which it was summarily stated:

> INVERSE CONDEMNATION AND NUISANCE CLAIMS
>
> What actually caused the backup in the sewage line, whether the City knew of the problems, whether it intentionally or negligently failed to correct the cause of the backup, and whether the condition rose to the level of a nuisance or an unconstitutional taking are not known. Based on the current state of the law in this district, we hold that the trial court erred in granting the City's plea to the jurisdiction regarding the inverse condemnation and nuisance claims. *See Cozby v. City of Waco*, 110 S.W.3d 32 (Tex. App.—Waco 2002, no pet.); *Bible Baptist Church v. City of Cleburne*, 848 S.W.2d 826 (Tex. App.—Waco 1993, writ denied). We recognize that an inverse condemnation case on these issues, which could modify our analysis, is currently pending review by the Texas Supreme Court, 92 S.W.3d 640 (Tex. App.—Beaumont 2002, pet. granted). But on the precedent currently binding on this court, Padgett and Dunn's first issue is sustained, in part.

*Padgett v. City of Madisonville*, 2004 Tex. App. LEXIS 1442, *2-3 (Tex. App.—Waco Feb. 11, 2004, no pet.).

*Bible Baptist* has been cited at least 31 times with no adverse history.

No appellate court has cited *Padgett*, which is as it should be with a true memorandum opinion. The petition for review in the *Sabine River Authority of Texas v. Hughes* opinion cited

in *Padgett* was ultimately denied.  Moreover, the Texas Supreme Court cases of *Abilene v.*

*Downs*[1] and *Dallas v. Jennings,*[2] when compared to the procedural posture, facts, and holding

---

[1] The Court's opinion is particularly instructive on claims related to a nuisance created by the operation of a sewage plant, including noxious odors.  There, the Court stated:

> The resolution of the foregoing rests in the fact that the invading agents resulting from the operations of the sewage disposal plant do not affect the physical condition or cause damage to the land itself - as was the case of flowing water in *Fromme* - but are the cause of, and result in, personal discomfort and annoyance to those who reside on the land. The damages consequent therefrom are recoverable as a taking or damaging of private property for a public use under Article I. Section 17, of the Constitution only if, and after, the operations of the sewer farm constitute a nuisance.

> The basic rule was early stated by this Court in *Baugh v. Texas & N.O.R. Co.*, 80 Tex. 56, 15 S.W. 587:

>> "When a nuisance is created by the construction of works in their nature permanent, and which, as sometimes occurs in case of works for a public use, are not subject to be abated, the rule is that all damages resulting therefrom to property may be recovered in one action, and the proper measure of damages is the depreciation in the value of the property. *Resenthal v. Railway Co.*, (Tex.) ante, 268 (decided at the present term;) *Railway Co. v. Hall*, 78 Tex. 169, 14 S.W. Rep. 259."

> It was further held by this Court in *Sherman Gas & Electric Co. v. Belden*, 103 Tex. 59, 123 S.W. 119:

>> "To justify a recovery of damages for personal inconvenience or reduction in the value of their property, the plaintiffs must prove such annoyance, discomfort, or other interruption of the use of their home as would constitute a nuisance. The standard by which the issue of nuisance must be determined by the jury is that the conditions caused by the operation of the plant were such as would disturb and annoy persons of ordinary sensibilities, and of ordinary tastes and habits. In other words, the acts complained of must constitute a nuisance. *W.P.O. Co. v. Cook*, 6 Tex. Civ. App. 573, 26 S.W. 96; *League v. Journeay*, 25 Tex. 172, *Dittman v. Repp*. 50 Md. 516, 33 Am. Rep. 325; 21 Am. & Eng. Ency. 687.

>> "If there be no nuisance, there can be no recovery of damages for such annoyance as may exist, nor for diminution in the value of the property."

> *City of Abilene v. Downs*, 367 S.W.2d 153, 158 (Tex. 1963).

[2] As the City of Robinson acknowledges in its brief, pg 15,

> to satisfy the intentional element of a takings claim, the plaintiff must present evidence that the governmental entity at the time of the complained of conduct either "(1) knows that a specific act is causing identifiable harm; or (2) knows that the specific property damage is substantially certain to result from an authorized government action – that is, that the damage is 'necessarily an incident to or necessarily a consequential result of' the government's action." *City of Dallas v. Jennings*, 142 S.W.3d 310, 314-15 (Tex. 2004).

of the trial court, support what the trial court did here, which was to allow the suit to proceed to a determination of the merits of whether the City has taken or damaged private property for the public's benefit within the meaning of Article I, Section 17 of the Texas Constitution.

At the very least, it is clear that Alton and Nina could easily amend their petition to bring themselves within the jurisdiction of the trial court as was held in the precedential cases in this district. I have not found anything that is inconsistent with the continued vitality of these cases as binding precedent upon this Court.

If Alvin and Nina are able to establish the noxious odors caused by the intentional operation[3] of the lift station and related sewage line rise to the level of a nuisance that has damaged the use and enjoyment of their home, they have been deprived of their property within the meaning of Art 1 Section 17 of the Texas Constitution. Because the Court holds that they will be permanently deprived of their property without even the opportunity to establish their unconstitutional takings claim, I respectfully, but vigorously, dissent.


TOM GRAY
Chief Justice

Dissenting opinion delivered and filed October 6, 2021
Publish



---

In this case, as you would expect from the regular ongoing operation of a sewer system, the City's intentional conduct is the daily operation of that system.

[3] This is not like the situation in *Schneider v. Cuero*, 749 S.W.2d 614 (Tex. App.—Corpus Christi 1988, writ denied), wherein the City was negligent in its operation of the landfill. Here, the City is intentionally operating the lift station and sewage line for the continued use/benefit of its citizens.